IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| IN RE | § | Chapter 7 |
| | § | |
| TRUETT BRYAN AKIN, IV | § | Case No. 25-30360 |
| | § | |
| DEBTOR | § | |

**EMERGENCY MOTION TO TRANSFER CASE TO CHIEF BANKRUPTCY JUDGE RODRIGUEZ PURSUANT TO BANKRUPTCY LOCAL RULE 1014-1**

THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW,** Allison D. Byman, Chapter 7 Trustee for the Estate of Akin Mears, PC (Case No. 25-30358) (**"Trustee Byman"**), Eva S. Engelhart, Chapter 7 Trustee for Michelle Mears (**"Trustee Engelhart"**), and Truett Bryan Akin, IV (the, **"Debtor"**) file this *Emergency Motion*

*to Transfer* Case *to Chief Bankruptcy Judge Rodriguez*, and respectfully shows the Court the following.

**RELEVANT BACKGROUND FACTS REGARDING THREE DEBTORS**

1. Michelle Lee Mears and Truett Bryan Akin, IV are attorneys and former partners of Akin Mears, LLP, a law firm that focused on mass tort and personal injury litigation.

2. On January 23, 2025, the following bankruptcy cases were filed:

    a. <u>Michelle Mears</u>: Michelle Mears filed a Chapter 7 case which is pending before Chief Bankruptcy Judge Rodriguez and Eva S. Engelhart is the appointed Chapter 7 Trustee (the **"Mears Case"**)

    b. <u>Truett Akin, IV</u>: Truett Akin, IV filed a Chapter 11 case which was subsequently converted to Chapter 7. That case is pending before this Court, and Ron J. Sommers is the appointed Chapter 7 Trustee (the **"Akin Case"**).

    c. <u>Akin Mears, LLP</u>: Akin Mears, LLP filed a Chapter 7 case which is pending before Judge Isgur and Allison D. Byman is the appointed Chapter 7 Trustee (the **"Akin Mears, LLP Case"**).

**THE ROLE OF VIRAGE AND THE CORE DISPUTE**

3. Virage SPV I, LLC (**"Virage"**) is a litigation funder that asserts it provided pre-petition financing to Akin Mears, LLP. Virage further alleges that Michelle Mears and Truett Akin personally guaranteed the obligations.

4. On January 27, 2025, Virage filed a proof of claim in the Akin Mears, LLP Case, asserting a secured claim in excess of one hundred thirty-seven million dollars. On August 21, 2025, Trustee Byman filed an objection to the claim, currently pending before Judge Isgur. Trustee Byman contends that the agreement between Akin Mears and Virage is void and unenforceable under

Texas public policy. Although described as a loan, Trustee Byman argues that the substance of the transaction constitutes an impermissible fee-sharing arrangement between a non-lawyer and a law firm, which violates professional ethics rules.

## ADVERSARY PROCEEDINGS FILED BY VIRAGE

5. On May 19, 2025, Virage filed an adversary proceeding in the Mears Case seeking to except the alleged debt from discharge. That action is pending before Chief Judge Rodriguez.

6. On August 22, 2025, Trustee Byman filed a motion to intervene in the Mears adversary proceeding.

7. On August 25, 2025, Chief Judge Rodriguez granted the motion to intervene (the **"Intervention Order"**).

8. On September 8, 2025, Virage filed a motion for reconsideration of the Intervention Order. A hearing on that motion is scheduled for October 16, 2025.

9. Virage has also filed two additional adversary proceedings in the Akin Case, both pending before this Court. One is a complaint under Section 523 of the Bankruptcy Code, and the other is under Section 727.

10. Trustee Byman has also filed a Motion to Intervene in the Akin Dischargeability Adversary, and the hearing is scheduled for October 15, 2025.

## MOTION TO TRANSFER TO JUDGE ISGUR

11. On August 28, 2025, Trustee Sommers filed a Motion to Transfer the Akin case to Judge Isgur. Both Trustee Byman and the Debtor filed objections. The hearing is scheduled for October 15, 2025 before this Court.

12. On September 11, 2025, Trustee Engelhart filed a motion to transfer the Mears case to Judge Isgur. Objections were filed by Trustee Byman and the Debtor. A hearing on that motion is scheduled for October 8, 2025, before Chief Judge Rodriguez.

13. On October 6, 2025, Trustee Engelhart withdrew her motion to transfer the Mears case, based on the relief requested in this Motion.

**BASIS FOR REQUEST TO TRANSFER TO CHIEF JUDGE RODRIGUEZ**

14. The outcome of the adversary proceedings brought by Virage against both Mears and Akin depends on the existence and enforceability of an underlying debt. If, as Trustee Byman contends, there is no valid or enforceable obligation owed to Virage, then the Section 523 claims fail as a matter of law.

15. After discussions among the parties, it is clear that the original transfer motions were filed by Mr. Sommers and Ms. Engelhart, in an effort to centralize the bankruptcy cases and adversary proceedings before a single judge in the interest of judicial efficiency.

16. Trustee Byman agrees that it is appropriate for one judge to handle all three bankruptcy cases and all related adversary proceedings.

17. Trustee Byman, Trustee Engelhart, and the Debtor jointly request that all of the matters be transferred to Chief Judge Rodriguez pursuant to Local Bankruptcy Rule 1014-1.

18. Chief Judge Rodriguez is already presiding over the Mears bankruptcy case and the related adversary proceeding. In addition, he is currently overseeing a separate, highly complex bankruptcy case filed in 2024 (Case No. 24-31596) that involves litigation funding issues which are nearly identical, both legally and ethically, to those presented here. These issues are highly unusual and rarely litigated, making Chief Judge Rodriguez uniquely positioned to manage the matters efficiently and consistently.

19.     Chief Judge Rodriguez is uniquely familiar with the facts and legal issues in these cases. His institutional knowledge would promote efficiency in these proceedings.

20.     While Trustee Sommers has not joined in this motion, he does not oppose the relief requested. His position is based on the procedural point that the Akin Mears Case was the first filed and therefore assigned to the judge with the lowest-numbered case, which is consistent with Local Rule 1014-1. Trustee Sommers has expressed a preference for having a single judge handle all matters, regardless of which judge is selected.

**REQUEST FOR EMERGENCY RELIEF**

21.     Emergency relief is respectfully requested so that this motion may be heard alongside the pending Motion to Transfer filed by Trustee Sommers, which is currently set for hearing on October 15, 2025.

22.     The parties respectfully request that this motion be scheduled for hearing at the same time so that the Court may consider all transfer issues together.

    **WHEREFORE,** Allison D. Byman, Chapter 7 Trustee for the Estate of Akin Mears, PC, Eva S. Engelhart, Chapter 7 Trustee for Michelle Mears, and Truett Bryan Akin, IV, the Debtor, respectfully request that the Court grant the Emergency Motion to Transfer Case.

Dated: October 6, 2025.

RELIEF AGREED TO:

/s/Miriam T. Goott
Miriam T. Goott
Walker & Patterson, PC
SBN 24048846
4815 Dacoma
Houston, TX 77092
(713)956-5577

mgoott@walkerandpatterson.com
**COUNSEL FOR ALLISON D.**
**BYMAN, CHAPTER 7 TRUSTEE**

**and**

*/s/ Marc Douglas Myers*
Marc Douglas Myers
Ross, Banks, May, Cron & Cavin, P.C.
SBN 00797133
7700 San Felipe, Suite 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com
**COUNSEL FOR**
**EVA S. ENGELHART, CHAPTER 7 TRUSTEE**

**and**

*/s/ Richard L. Fuqua*
Richard L. Fuqua
State Bar No. 07552300
8558 Katy Freeway, Suite 119
Houston, TX 77024
(713) 960-0277 - Telephone
Email: fugua@fugualegal.com
**COUNSEL FOR DEBTOR**

## CERTIFICATE OF CONFERENCE

I, Miriam T. Goott, hereby certify that on October 6, 2025, I served a copy of this Emergency Motion on counsel for Mr. Sommers who filed the prior Motion to Transfer to Judge Isgur. Mr. Sommers does not oppose the relief requested in this motion as outlined in Paragraph 20 above.

By: */s/ Miriam T. Goott*
Miriam T. Goott

**CERTIFICATE OF SERVICE**

I, Miriam T. Goott, hereby certify that I served a copy of this Emergency Motion on counsel for Virage via email, and to all other parties via CM/ECF on October 6, 2025.

By: */s/ Miriam T. Goott*
Miriam T. Goott